ORIGINAL

UNITED STATES COURT OF FEDERAL CLAIMS

FILED
APR 30 2007
U.S. COURT OF FEDERAL CLAIMS

NATIVE AMERICAN CONTRACTORS,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERAN AFFAIRS,

Defendant.

CASE NO. 07-270 C

COMPLAINT

Plaintiff alleges:

1. The United States Court of Federal Claims has jurisdiction in this matter pursuant to 41 U.S.C. Section 609 (a) (1).

2. Plaintiff NATIVE AMERICAN CONTRACTORS ("NAC") is, and at all times herein mentioned was a corporation duly organized and existing under and by virtue of the laws of the State of Nevada.

3. Defendant THE UNITED STATES OF AMERICA is, and at all times herein mentioned was, acting by and through the DEPARTMENT OF VETERANS AFFAIRS (hereinafter the "VA"), which is, and at all times herein mentioned was, an agency of the United States Government.

4. On or about January 12, 2005, NAC entered into a contract with the VA by the terms of which NAC agreed to perform certain construction work known as Renovations of the VA Outpatient Clinic on the 9th floor of the VA Medical Center, West Palm Beach, Florida under Contract V548C-073, (hereinafter the "CONTRACT"). The entire CONTRACT, including plans, specifications and related contract documents, ("CONTRACT DOCUMENTS"), are voluminous and therefore not attached hereto, but are a matter of public record, and have and will be made available to all parties and are incorporated herein by this reference as though fully set forth at this point.

5. The CONTRACT was competitively bid by NAC pursuant to a Solicitation by the VA for competitive bids. NAC submitted its competitive bid and was awarded the CONTRACT in the sum of three million two hundred eighty six thousand dollars ($3,286,000.00). The CONTRACT called for the start of the performance of work required thereby within 14 months after receipt of the Notice to Proceed (NTP).

6. The CONTRACT included general construction, including rough and finish carpentry, millwork, building insulation, sealants and caulking, steel doors and ceilings, ceramic tile, resilient floor tile and base, carpet, painting, mechanical, plumbing, fire protection and electrical systems including power, lighting, fire alarm and telephone/media as required by drawings and specifications.

7. NAC has timely and properly performed any and all obligations required to be performed under the CONTRACT, except as excused or delayed by the VA's failure to timely perform as more specifically set forth below.

8. Notwithstanding the foregoing, by letter dated May 2, 2006 (received by NAC on May 8, 2006), the VA breached the CONTRACT by, inter alia, without excuse or justification, terminating Plaintiff's right to proceed under the CONTRACT for default. A true and correct copy of the VA's termination decision with regard to said action, is not attached hereto, but is a matter of public record and has and will be made available to all parties. As a direct and proximate result of the said breaches of CONTRACT by the VA, Plaintiff has been damaged, inter alia, as and for its unreimbursed cost of materials and performance of work, home and field overhead, uncompensated profit, reasonable attorney's fees, potential liquidated damages and consequential damages resulting from the unjustified, unlawful and bad faith actions by the VA and the aforementioned improper and in bad faith termination.

9. On February 28, 2007 filed a properly certified request for a Contracting Officer's final decision in the amount of $431,169.21. Although 60 days have past the Contracting Officer has not responded to NAC's request. Therefore in accordance with the CDA, NAC deems its request denied and in accordance with the Contract Disputes Act appeals said failure

to this court. The precise total amount of Plaintiff's damages have not been fully ascertained at this time and Plaintiff reserves the right to amend this Complaint at such time as the totality of its damages have been fully ascertained, or upon proof thereof at trial.

10. Plaintiff submits that the VA's actions in regard to this matter have been without substantial justification and as a result thereof, pursuant to the Equal Access to Justice Act, Plaintiff is entitled to the recovery of reasonable attorney's fees.

WHEREFORE, Plaintiff prays judgment as follows:

1. For conversion of said termination for default to a termination for convenience as provided for in the CONTRACT;

2. For termination for convenience monetary damages in the amount of $431,169.21 in accordance with the Termination for Convenience Clause, according to proof with interest thereon from dates according to proof as provided under the Contract Disputes Act.

3. For consequential damages and attorney's fees resulting from said breaches of CONTRACT according to proof;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper

Dated: April 27, 2007

Respectfully submitted,

William L. Bruckner
BRUCKNER & WALKER
4550 Kearny Villa Road, Ste 209
San Diego, CA 92123
((858) 565-8300 Telephone
(858) 565-0813 Facsimile
bill@brucknerwalker.com

Attorneys for Native American Contractors