**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| NATIVE AMERICAN CONTRACTORS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-270C |
| | ) | |
| THE UNITED STATES, | ) | (Judge G. Miller) |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the plaintiff, Native American Contractors ("NAC"), and the defendant, the United States, respectfully submit the following joint preliminary status report in response to the questions set forth in paragraph 4 of Appendix A.

a. **Does the Court have jurisdiction over this action?**

The plaintiff asserts that the Court possesses jurisdiction to entertain this action. The United States contends that the plaintiff's claim for breach of contract is beyond this Court's jurisdiction, and bases this contention upon the fact that the plaintiff never submitted a claim to the contracting officer alleging a breach of contract. The defendant is otherwise unaware of any basis upon which to challenge jurisdiction at this time.

b. **Should this case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

c. **Should trial of liability and damages be bifurcated?**

The parties agree that the trial of liability and damages should be bifurcated. Specifically, the first stage should address the propriety of the default termination; the second stage, assuming it is necessary, would address the proper amount of convenience damages. If

the second stage is necessary, the parties further propose that the case be stayed prior to the initiation of the second phase so that the contracting officer may issue a final decision upon the convenience damages issue before the Court must to consider it independently.

d. **Should further proceedings be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefore?**

Except as described above, the parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. **Will a remand or suspension be sought?**

Except as described above, neither of the parties will seek remand or suspension.

f. **Will additional parties be joined?**

The parties agree that they will not join any additional parties.

g. **Does either party intend to file a dispositive motion pursuant to Rule 12(b), 12(c), or 56? And, if so, a schedule for the intended filing?**

After discovery has been completed, the United States anticipates submitting a motion for summary judgment pursuant to RCFC 56.

h. **What are the relevant issues?**

1. Whether the plaintiff's termination should be converted from a termination for default to a termination for convenience; and

2. If appropriate, what damages the plaintiff is entitled to receive pursuant to the termination for convenience clause in the contract?

i. **What is the likelihood of settlement?**

The United States is willing to engage in settlement discussions and will make every effort to resolve this case amicably. To facilitate settlement discussions, the parties are agreeable

to considering an ADR method; however, the defendant is required to seek specific authorization to participate in any ADR proceeding, and such authorization is not ordinarily sought or granted until a time immediately prior to the contemplated ADR. In this case, the parties anticipate that some discovery will be necessary before they can realistically engage in settlement discussions or an ADR proceeding, and therefore (a) any ADR methodology should be determined at or near the conclusion of the discovery period, and (b) the defendant's ability to participate in any ADR proceeding is subject to its receipt of official authorization to do so at that time.

j. **Do the parties anticipate proceeding to trial?**

If dispositive motions are not filed, and the matter cannot be resolved through settlement, trial will be necessary. If dispositive motions are filed, and a trial is necessary to fully decide this case, the United States proposes that the trial be held four to six months after the Court shall have ruled on such motions. The parties expect that a trial would last approximately two weeks. The parties do not request expedited trial scheduling. The parties request that the trial be conducted in West Palm Beach, Florida.

k. **Are there special issues regarding electronic case management needs?**

The parties have no special issues regarding electronic case management needs.

l. **Is there other information of which the Court should be aware at this time?**

There is no additional information of which the Court should be aware at this time.

m. **What is the proposed discovery plan?**

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and/or depositions. The parties propose the following discovery schedule:

| | |
|---|---|
| Answer to Complaint | August 28, 2007 |
| Exchange of Initial Disclosures | November 2, 2007 |
| Close of Fact Discovery | April 30, 2008 |
| Plaintiff's Expert Report Due (if any) | June 30, 2008 |
| Defendant's Expert Report Due | July 31, 2008 |
| Deadline for Expert Depositions | September 30, 2008 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

/s/ William L. Bruckner
WILLIAM LEE BRUCKNER
Bruckner & Walker
4550 Kearny Villa Road
Suite 209
San Diego, CA 92123
Tel. (858) 565-8300
Fax. (858) 565-0813

Attorney for Plaintiff

/s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 514-8624

Attorneys for Defendant

October 19, 2007

**CERTIFICATE OF FILING**

I hereby certify that on October 19, 2007, a copy of the foregoing "Joint Preliminary Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Devin A. Wolak
DEVIN A. WOLAK